UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. MWASI,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID J. MONTOYA, Guard, ENRIQUEZ, Guard, FRANKLIN, STG. Guard, BRENDA CASH, Warden, DR. PAULETTE FINANDER, CMO, DR. A. SWABY, SUPERVISOR, DR. T. BELAVICH, CEO/Health Care Manager, ESTHER FRANCES, NP, J. WALKER, Chief Health Care Services, CA. STATE PRISON - L.A. COUNTY, CA CORR. HEATHCARE SERVICES, DRS. "JOHN DOES" 1-10,<br><br>    Defendants. | No. CV 15-4152 DOC (FFM)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**PROCEDURAL BACKGROUND**

Plaintiff, who currently is detained at California State Prison - Corcoran, California, lodged a *pro se* complaint ("Complaint") pursuant to 42 U.S.C. § 1983 in this Court. The Complaint was submitted on June 1, 2015. Plaintiff's request to proceed *in forma pauperis* ("IFP") was denied and the case was closed. On November 13, 2015, the Court granted plaintiff's motion for reconsideration, re-opened the case, and again denied plaintiff's request to proceed IFP, this time with leave to file the

///

appropriate documents supporting his IFP request. On December 14, 2015, plaintiff filed the appropriate documents and the Court granted his IFP request on December 15, 2015.

## STANDARD OF REVIEW

In accordance with 28 U.S.C. § 1915(e)(2), the Court has screened the Complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reason: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

After careful review and consideration of the Complaint under the relevant standards, the Court finds that although it arguably states a claim against defendants Montoya, Enriquez and Franklin, it fails to state a claim on which relief may be granted against any of the other defendants for the reasons discussed hereafter. The Court will afford plaintiff an opportunity to either (1) proceed solely against defendants Montoya, Enriquez, and Franklin or (2) amend his complaint to try to state a claim against the remaining defendants. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31

///

1 (9th Cir. 2000) (leave to amend should be granted "if it appears at all possible that the
2 plaintiff can correct the defect") (quoting *Balistreri*, 901 F.2d at 701).

## ALLEGATIONS OF COMPLAINT

Plaintiff alleges that defendants Montoya, Enriquez, and Franklin used excessive force on him by over tightening mechanical restraints on plaintiff's wrists. Plaintiff alerted such defendants to this fact, but they ignored his pleas to loosen the restraints. As a consequence of these defendants' actions and inactions, plaintiff has suffered nerve damage to his wrists and still suffers from pain and discomfort associated therewith.

Plaintiff also alleges that he was seen by a number of medical professionals with respect to the wrist injury as well as a number of other medical problems. Plaintiff was dissatisfied with his treatment and filed a number of grievances. The grievances were all denied. Plaintiff names as defendants the various doctors who saw/treated him and a number of individuals who denied his grievances.

## DISCUSSION

A. <u>Plaintiff Arguably States a Claim Against Defendants Montoya, Enriquez, and Franklin</u>

Prison officials' use of excessive force against a prisoner violates the inmate's Eighth Amendment rights. However, the force applied must be excessive. The use of force in and of itself does not amount to a constitutional violation if it is applied in a good faith effort to restore discipline and order and not "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (internal quotation and citation omitted). For this reason, under the Eighth Amendment, the Court must look for malicious and sadistic force, not merely objectively unreasonable force. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Moreover, not "every malevolent touch by a prison guard gives

rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations and citation omitted). The Court considers five factors in making this determination: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id*. at 7.

Plaintiff contends that defendants Montoya, Enriquez and Franklin injured his wrists by overly tightening his handcuffs. Overly tightening handcuffs can violate a prisoner's Eighth Amendment rights. *See Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (overly-tight handcuffing can constitute excessive force). In the cases where overly-tight handcuffing was found to be excessive use of force, the plaintiffs suffered damage to their wrists or hands as a consequence of the handcuffs. *See Wall*, 364 F.3d at 1109-10, 1112 (the plaintiff produced evidence that tight handcuffing "hurt and damaged [the plaintiff's] wrists"); *LaLonde v. County of Riverside*, 204 F.3d 947, 952, 960 (9th Cir. 2000) (tight handcuffing left the plaintiff's wrist and hand numb, requiring medical treatment).

Here, plaintiff alleges that he sustained nerve damage as a result of the over tightening of his handcuffs. These allegations arguably state a claim against defendants Montoya, Enriquez, and Franklin.[1]

---

[1] This finding is without prejudice to defendants' ability to move to dismiss this claim for failure to state a claim or otherwise.

B.  **Plaintiff Fails to State a Section 1983 Claim for Deliberate Indifference to His Medical Needs**

A prison official's deliberate indifference to an inmate's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998). To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious and that the defendant official acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). A "serious" medical need arises if the failure to treat the plaintiff could result in further significant injury or the "unnecessary and wanton infliction of pain." *Gamble*, 429 U.S. at 104 (internal quotation omitted); *Wilhem v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

A sufficiently culpable state of mind exists when prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Gamble*, 429 U.S. at 104-05); *see also*, *e.g.*, *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). In either case, however, the indifference to the inmate's medical need must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. *Jackson*, 90 F.3d at 332; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Oregon State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, plaintiff alleges that he was seen by a number of doctors for a wide variety of medical conditions. It appears that plaintiff takes issue with the diagnosis and treatment he was given. However, where defendant doctors have chosen one course of action and a plaintiff contends that they should have chosen another, the plaintiff

5

1  "must show that the course of treatment the doctors chose was medically unacceptable
2  under the circumstances, . . . and the plaintiff must show that they chose this course in
3  conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332
4  (internal citations omitted).  Plaintiff's allegations fail to demonstrate either factor.
5  Therefore, the claims against the defendant doctors and nurses are dismissed.

C. <u>Plaintiff Fails to State a Claim for Denial of His Grievances</u>.

Although inmates do have a First Amendment constitutional right of access to such grievance procedures as a prison affords (*Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)), they do not have a due process right in the processing of their inmate appeals. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003) (no liberty interest in processing of appeals because no entitlement to specific grievance procedure; claim that prison officials interfered with appeal thus did not state due process violation); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann*, 855 F.2d at 640 (no entitlement to grievance procedure).  Therefore, plaintiff's allegations that his grievances were improperly denied do not state a claim.

D. <u>Plaintiff's Claims Against the State of California Are Barred by Eleventh Amendment Immunity</u>

The Eleventh Amendment gives states and state agencies immunity from federal suits. *Northern Ins. Co. of New York v. Chatham County, Ga.*, 547 U.S. 189, 193, 126 S. Ct. 1689, 164 L. Ed. 2d 367 (2006).  Unless the state or state agency consents, it cannot be sued. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996).

The California Department of Corrections is a state agency and is therefore entitled to Eleventh Amendment immunity. *See Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Moreover, state employees, acting in their official capacities, are also immune from federal damage suits. *David v. Giurbino*, 488 F. Supp. 2d 1048, 1053, 1055 (S.D. Cal 2007) (holding that California Department of

Corrections director receives Eleventh Amendment immunity).

Here, neither California nor the California Department of Corrections has waived its Eleventh Amendment immunity. Therefore, all claims against California State Prison - Los Angeles County, California Correctional Health Care Services, and the individual defendants sued in their official capacities are barred and must be dismissed.

## CONCLUSION

If plaintiff wishes to pursue this action solely against defendants Montoya, Enriquez, and Franklin, he must request the dismissal of the claims against the other defendants within thirty days of the date of this Order. In that case, the Court will enter an order directing the United States Marshal to serve the Complaint on defendants Montoya, Enriquez and Franklin.

If plaintiff wishes to attempt to state a claim against any of the other named defendants, he is granted **thirty (30) days** from the date of this Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. The First Amended Complaint **shall be complete in itself (i.e., it must contain all claims that plaintiff intends to pursue)** and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior Complaint, which will be superceded by the First Amended Complaint.

Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." For each of his claims, he should clearly state which of his rights he alleges was violated, the defendant(s) that caused the violation(s), the specific acts of

///

misconduct by the named defendant(s) that caused the violation(s), and the injury he suffered as a direct result of the defendants' actions.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint that corrects the deficiencies described above, will result in a recommendation that this action be dismissed as to all defendants, except defendants Montoya, Enriquez, and Franklin for the reasons stated above and/or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) as against all defendants.**

IT IS SO ORDERED.

DATED: January 7, 2016

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge