UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KING MWASI,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVID J. MONTOYA, et al.,<br><br>                    Defendants.<br>_____ | No. 2:15-cv-04152-DOC (JDE)<br><br>ORDER ACCEPTING AMENDED SUPERSEDING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Complaint (Dkt. 1) filed by Plaintiff King Mwasi ("Plaintiff"), Plaintiff's First Amended Complaint (Dkt. 25, "FAC"), the Report and Recommendation of the previously assigned United States Magistrate regarding the FAC (Dkt. 27), this Court's Order Accepting the Report and Recommendation of the previously assigned Magistrate Judge regarding the FAC, ordering dismissal of certain claims with prejudice (Dkt. 33), Plaintiff's operative Second Amended Complaint (Dkt. 71, "SAC"), the Motion for Partial Summary Judgment as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Enriquez and Montoya (Dkt. 112, "Motion"), Plaintiff's Opposition to the Motion (Dkt. 120), the Reply in

support of the Motion (Dkt. 121), the Report and Recommendation as to the Motion issued by the currently assigned Magistrate Judge (Dkt. 123, "Report"), and Plaintiff's Objections to the Report (Dkt. 126, "Objections").

With his Objections, Plaintiff purports to offer new a new declaration relating to the  May 2011 "incident" at issue. Objections at 7-9. This declaration does not relate to the failure of service issue raised in the Report. See Report at 17-19. The Court has discretion but is not required to consider new evidence offered for the first time with objections to a Report and Recommendation. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion to not consider this new evidence relating to events from 2011, as Plaintiff had a full and fair opportunity to present evidence in opposition to the Motion, having received two extensions of time to do so, resulting in Plaintiff having more than three months to submit evidence in opposition to the Motion. Plaintiff does not explain here why such evidence was not submitted during that three-month period when such evidence was required to be presented to oppose the Motion. In addition, the day after the Motion was filed, Plaintiff was advised that he "must set out specific facts in declarations [etc.] . . ." with any opposition to the Motion if he contested facts raised in the Motion, and a failure to do so would result in "Defendants' evidence being accepted as true." See Dkt. 113 at 2. Plaintiff offers no explanation why the "new" declaration was not submitted with his Opposition. The Court declines to consider the new evidence here.

The Court has engaged in a de novo review of those portions of the Report to which objections have been made. The Court accepts the findings and recommendation of the magistrate judge.

Therefore, IT IS HEREBY ORDERED that:

1.     The Motion (Dkt. 112) is GRANTED; Plaintiff's Eighth
       Amendment deliberate indifference claim against defendants

2

Montoya and Enriquez is DISMISSED with prejudice, to be reflected in the final judgment in this action;

2. Plaintiff's claims alleged against defendant Cash are DISMISSED without prejudice for failure to timely serve process under Rule 4, to be reflected in the final judgment in this action;

3. As the time for the filing of dispositive motions has passed, the following claims remain to be tried: (1) Eighth Amendment excessive force claim against Montoya and Enriquez; (2) Eighth Amendment failure to intervene claim against Franklin; and (3) state law claims for assault, battery, and negligence against Montoya, Enriquez, and Franklin.

4. Per the terms of the referral order (Dkt. 3), the referral of certain pretrial matters to the assigned Magistrate Judge is terminated. The assigned Magistrate Judge is hereby authorized to investigate, and, if warranted, initiate and/or oversee ADR efforts and report results of such efforts by July 1, 2021. Other than such ADR efforts, the case is STAYED pending the conclusion of such ADR efforts or July 1, 2021, whichever occurs first.

Dated: February 10, 2021

*David O. Carter*

HON. DAVID O. CARTER
United States District Judge